## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 11 C 7394 | DATE | 9/14/2012 |
| CASE TITLE | Carmelitta P. Logan vs. Forrest Claypool, et al. | | |

**DOCKET ENTRY TEXT**

Defendant Forrest Claypool's Motion to Dismiss [14] is granted. Defendant Chicago Transit Authority's Motion to Dismiss [16] is granted in part, and denied in part.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Before the Court are Defendant Forrest Claypool ("Claypool") and Defendant Chicago Transit Authority's ("CTA") (collectively, "Defendants") motions to dismiss Plaintiff Carmelitta P. Logan's ("Logan") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Claypool's motion is granted, and the CTA's motion is granted in part, and denied in part.

A complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In order to survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (internal quotation marks and citation omitted). The Court accepts "all well-pleaded allegations of the complaint as true and view[s] them in the light most favorable to the plaintiff." Id. at 934 (internal quotation marks and citation omitted). Legal conclusions or elements of the cause of action, however, "may be disregarded on a motion to dismiss." McCauley v. City of Chi., 671 F.3d 611, 617 (7th Cir. 2011). "Dismissal is proper if it appears beyond a doubt that the plaintiff cannot prove any facts that would support his claim for relief." Wilson v. Price, 624 F.3d 389, 392 (7th Cir. 2010) (internal quotation marks and citation omitted).

On October 18, 2011, Logan filed a five count Complaint alleging: (1) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*; (2) disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111, *et seq.* and the Illinois Human Rights Act ("IHRA"); (3) retaliation in violation of the ADA; (4) intentional infliction of emotional distress; and (5) breach of collective bargaining agreement in violation of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

As an initial matter, the Court notes that Logan brings ADEA and ADA claims against Claypool, an individual defendant. Claims under the ADEA and the ADA can only be brought against an employer as an entity, not against an individual. See Horowitz v. Bd. of Ed., 260 F.3d 602, 610 n.2 (7th Cir. 2001) (finding no liability for defendants as individuals under the ADEA); Silk v. City of Chi., 194 F.3d 788, 797 n.5 (7th Cir. 1999) (finding no liability for defendants as individuals under the ADA). Thus, the ADEA and ADA claims are dismissed as to Claypool.

The remaining claims of disability discrimination pursuant to the IHRA are dismissed as to both Defendants. Logan was terminated on May 17, 2010, and did not file a charge with the Equal Employment Opportunity Commission ("EEOC") until February 9, 2011, over 260 days later. Because Logan did not timely file her charge with the EEOC within the 180-day statute of limitations set forth by the IHRA, these claims are dismissed. See 775 Ill. Comp. Stat. 5/7a-102(A-1)(1); Indep. Trust Corp., 665 F.3d at 935 ("A statute of limitations provides an affirmative defense, and a plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses. But when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate.").

In addition, to the extent that Logan alleges any violations pursuant to Title VII, 42 U.S.C. § 2000e, *et seq.*, those claims are dismissed as Logan does not allege discrimination based on race, color, religion, sex, or national origin. Nor were any Title VII allegations raised in her complaint before the EEOC. See 42 U.S.C. § 2000e-2; Jones v. Res-Care, Inc., 613 F.3d 665, 670 (7th Cir. 2010) ("[G]enerally, Title VII claims that were not included in an EEOC charge are barred." (quoting Sitar v. Ind. Dep't of Transp., 344 F.3d 720, 726 (7th Cir. 2003)).

Against the CTA, Logan claims violations under the ADEA and ADA for age and disability discrimination in her termination, as well as retaliation under the ADA resulting from her request for an accommodation and subsequent termination. "[A] plaintiff alleging employment discrimination . . . may allege these claims quite generally. A complaint need not allege all, or *any*, of the facts logically entailed by the claim, and it certainly need not include evidence." Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal citations and quotation marks omitted). Logan was forty-seven years old at the time in question and suffered from "hypertension, acute anxiety, and Menometrorrhagia, related to a cancerous uterine disease." Compl. ¶¶ 9, 25. Logan alleges that she was accused of misconduct for "allowing her CDL driving license to expire," and was terminated because of her age and disability. Id. ¶ 12. Logan states that difficulties with her disabilities caused her to fail her CDL driving exam. Logan further alleges that she was retaliated against when she asked to re-take a portion of her CDL driving exam or be placed in an alternative work program as an accommodation for her disability because she could not continue as a bus driver without her CDL license. Id. ¶ 32. The Court finds that Logan's allegations against the CTA for age/disability discrimination and retaliation are sufficient to satisfy Twombly and its progeny. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Accordingly, the CTA's motion to dismiss these claims is denied.

Further, the Court finds that it would be premature at this stage of the litigation to dismiss Logan's claim against the CTA for intentional infliction of emotional distress. Logan alleges, *inter alia*, that she suffered "loss of earnings, emotional pain, humiliation . . . [and] exacerbation of her illness" as a result of her alleged wrongful termination. Compl. ¶¶ 37, 40. The CTA argues that Logan's claim for intentional infliction of emotional distress is preempted by the IHRA. However, the Court finds that such factual arguments are best reserved for summary judgment. See Naeem v. McKesson Drug Co., 444 F.3d 593, 604 (7th Cir. 2006) (finding that in order to avoid preemption by the IHRA, a plaintiff must "prove the elements of intentional infliction of emotional distress independent of legal duties furnished by the IHRA"). Accepting Logan's allegations as true, she sufficiently alleges a claim for intentional infliction of emotional distress against the CTA. As to Claypool, however, it is apparent that Logan's allegations only relate to her employer, the CTA, and not its president, Claypool. Logan does not allege any facts that implicate Claypool personally. Therefore, Logan's claim for intentional infliction of emotional distress against Claypool is dismissed.

Finally, Defendants argue that Logan's claims pursuant to the LMRA should be dismissed because the CTA is not an "employer" as defined by the statute. Under the LMRA, the term "employer" does not include, "any State or political subdivision thereof." 29 U.S.C. § 152(2). Similarly, an "employee" does not include any individual employed by a "person who is not an employer as herein defined." Id. § 152(3). The CTA is a "political subdivision" of Illinois, 70 Ill. Comp. Stat. 3605/3, and therefore not an employer under the LMRA. Because the CTA is not an "employer," Logan is not an "employee" under the statute. Thus, the LMRA is inapplicable as to both Logan and Defendants. See Harris v. City of Chi., 665 F. Supp. 2d 935, 959 (N.D. Ill. 2009) (finding the LMRA inapplicable against employer City of Chicago as it is a political subdivision of the State); Rivera v. Cox, No. 00 C 6327, 2001 WL 845481, at *2 (N.D. Ill. July 26, 2001) (finding the LMRA inapplicable to the CTA, a political subdivision of Illinois). Accordingly, the Court dismisses Logan's claims pursuant to the LMRA.

For the foregoing reasons, the Court grants Claypool's motion to dismiss in its entirety, and grants in part, and denies in part the CTA's motion to dismiss.

IT IS SO ORDERED.